## SUPREME COURT.

### PHINEAS CROSSMAN agt. ANTHONY J. LINDSLEY.

Where the defendant induces the plaintiff by false and fraudulent representations, to purchase from him, land by way of exchange—defendant paying part cash, and the said land in exchange, for the plaintiff's land conveyed to him—an action by the plaintiff, after a tender of reconveyance of the land fraudulently conveyed to him, and for the agreed price thereof in money. is an action in *tort*, and does not authorize an *attachment* to issue as upon a contract for the recovery of money only, under § 227 of the Code.

*Chautauqua Special Term, September,* 1871.

MOTION to vacate attachment.

The case, as made by the complaint and affidavits of the plaintiff is, that the plaintiff sold and conveyed to the defendant certain lands, situate in this county, at the price of $3,000, and received in payment $1,200 cash, and certain lands, 360 acres, in Michigan, conveyed to him by the defendant for the remaining consideration, $1,800. The Michigan land was so conveyed upon *false and fraudulent* representations made by the defendant touching the condition and quality of the land, greatly affecting the value, which false and fraudulent representations induced the plaintiff to accept the conveyance, in part payment, for the land he conveyed to the defendant.

The plaintiff, on discovering the fraud, tendered to the defendant a reconveyance of the Michigan lands, and demanded the sum of $1,800 as payment for the land he had conveyed to the defendant.

The defendant, in his affidavit controverts the allegation of fraud.

C. R. LOCKWOOD, *for plaintiff.*
W. G. CAMERON, *for defendant.*

MARVIN J.—The attachment order must be vacated. The *gravamen* of the action is *tort.* It did not arise on contract for the recovery of money only (*Code*, § 227). By the contract, the plaintiff sold his land for the agreed price of $3,000 of which $1,200 was to be, and was paid at the time, and for the remainder the defendant was to sell and convey, and did sell and convey, other lands to the plaintiff, inducing him, by *fraud*, to accept the conveyance in payment. The notion of the plaintiff's attorney, seems to be, that he may rescind that part of the contract by which he was to take the land of the defendant in payment of the $1,800, and recover this sum in money, as a part of the consideration of the land sold and conveyed by the plaintiff to the defendant.

This view is unsound. The defendant never undertook to pay $3,000 in money. He never owed the plaintiff $3,000. The contract was, to a large extent, a contract of exchange of lands. The defendant was, according to the plaintiff's case, guilty of fraud, by which the plaintiff was induced to make the exchange.

The plaintiff's cause of action has arisen out of *fraud* only. He can rescind the contract in *toto*, by reconveying to the defendant the land the defendant conveyed to him, and refunding the $1,200 received, or offering to do so; and demand a reconveyance to him of the land he conveyed to the defendant.

If the defendant still owns the land conveyed to him by the plaintiff, equity will afford to the plaintiff the proper relief. Or the plaintiff may maintain an action to recover damages for the fraud by which he was induced to purchase, by way of exchange, the land of the defendant. It is not a case for an attachment, and the motion of the defendant must be granted, with $10 costs.